Henry Epstein, J.
Arbitration is sought under an agreement entered into on November 18, 1948 between Sheppard-Pollak, Inc. (hereinafter “Corporation”) and John Poliak (hereinafter “ Poliak ”) and Noah Breslow and George Gold-frank (sometimes hereinafter collectively referred to as “ Stockholders ”).
Noah Breslow died on or about February 21, 1959, and it has become necessary pursuant to the aforesaid agreement to value his stock. The book value of the stock is to be determined pursuant to paragraph “ 5 ” of the agreement which reads as follows: “5. Book value of the stock shall be determined by the preparation by the then certified public accountants of the Corporation of a balance sheet of the Corporation as of the last day of the month in which book value of the stock is required to be determined. Such balance sheet shall be prepared in accordance with standard accounting practice for corporations engaged in the same or similar business except *79 that regardless of whether standard accounting practice shall so require, no asset value shall be attributed to the name or good will of the Corporation, and asset value shall not include any pro rata share of profit on uncompleted work, provided, however, that as to work uncompleted at the time book value is determined, profit or loss on such uncompleted work shall be determined upon completion of the work and appropriate adjustments shall be made in the book value of the stock, and the buyer or the seller of the stock, as the case may be, shall pay to the other party the amount required to be due as disclosed by such adjustment.”
The estate of Noah Breslow by notice dated April 28, 1959, served on all the parties hereto, has demanded arbitration of the following matters, viz.: Items (a), (b) and (e) request arbitration of the question of the form of the balance sheet; item (d) seeks to arbitrate the book value of the Breslow estate stock and item (e) is a catch-all provision concerning any other controversy between the parties.
Upon the notice of motion for a dismissal and limitation of arbitration, the respondent cross-moved to direct petitioners to proceed with arbitration in accordance with the November 18, 1948 agreement.
The quoted provision of the agreement provides for a balance sheet ‘ ‘ to be prepared in accordance with standard accounting practice for corporations engaged in the same or similar business.” The petitioner claims that the balance sheet has never been certified even during the period of deceased’s life, whereas respondent offers an affidavit of a certified public accountant that it is the practice in the building field to issue certified financial statements. The foregoing constitutes a dispute and the agreement calls for arbitration of disputes under it.
The parties having selected their forum are now relegated to it. An arbitrable issue exists as to the certification of the balance sheet. There has been no showing that the uncompleted work, has been completed and therefore arbitration on that issue is premature.
The petitioners Sheppard-Pollak, Inc., and George Goldfrank should be eliminated as parties to the arbitration. The purpose of paragraph “ 5 ” was to form a basis for Poliak to purchase the stock and it in no way involves the other named petitioners and they are therefore ordered stricken as parties to the arbitration.
The motion and cross motion are granted to the extent indicated above and otherwise denied
Settle order.